1
2
3
4              UNITED STATES DISTRICT COURT
5                  DISTRICT OF NEVADA
6                        * * *

7   UNITED STATES OF AMERICA,              Case No. 2:15-cr-00174-KJD-BNW-1
                                                    2:18-cr-00023-KJD-BNW
8                          Plaintiff,

9        v.                                          **ORDER**

10  MICHAEL JONES,

11                         Defendant.

12        Presently before the Court is Defendant's Emergency Motion to Extend Self-Surrender

13  Date (#456). The Government filed a response in opposition (#458). Defendant is requesting a

14  sixty (60) day extension so he may assist his wife in the sale or her business and undergo

15  shoulder surgery. (#456, at 3). In its response, the Government argues that because Defendant

16  has filed an appeal, he has divested this Court of the authority to continue his release pending

17  sentence under 18 U.S.C. § 3143(a). (#458). The Government further argues that Defendant must

18  establish that bail pending appeal is appropriate under 18 U.S.C. § 3143(b), and that he has not

19  done so. Id. The Court finds the Government's argument persuasive.

20  Title 18 U.S.C. § 3143(b) states:

21        (1)  Except as provided in paragraph (2), the judicial officer shall order that a
             person who has been found guilty of an offense and sentenced to a term of
22           imprisonment, and who has filed an appeal or a writ of certiorari, be detained,
             unless the judicial officer finds--
23

24              (A) by clear and convincing evidence that the person is not likely to flee or
                pose a danger to the safety of any other person or the community if
25              released under section 3142(b) or (c) of this title; and

26              (B) that the appeal is not for the purpose of delay and raises a substantial
                question of law or fact likely to result in--
27              (i) reversal,
                (ii) an order for a new trial,
28              (iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention be terminated at the expiration of the likely reduced sentence.

 (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C. § 3143(b).

In the present action, Defendant filed a notice of appeal on March 8, 2023. (#440). As such, Defendant bears the burden of demonstrating that release pending appeal is warranted under 18 U.S.C. § 3143(b). See United States v. Dixon, No. 2:12-CR-222-GMN-VCF, 2015 WL 5691215, at *2 (D. Nev. Sept. 28, 2015). In his motion, Defendant makes two arguments as to why his release should be granted. First, Defendant argues that a sixty (60) day extension is warranted because the sale of his wife's business will take considerable time, and he needs to help his wife "gather documents and assist her and the buyer related to the buyer's pursuit of financing." (#456, at 3). And second, Defendant argues that his shoulder surgery, scheduled for June 30, 2023, needs to take place because there is a chance it could "be exacerbated during his 78 month period of incarceration[.]" Id. However, based on the seriousness of Defendant's crime—defrauding numerous individuals and families of more than 11.5 million dollars—these arguments fail to establish by "clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" See 18 U.S.C. § 3143(b)(A); United States v. Wheeler, 795 F.2d 839, 840 (9th Cir. 1986) ("[Defendant] bears the burden of showing that [he] is not a flight risk or a danger to any other person or to the community.").

Furthermore, Defendant's motion makes no argument that his appeal "is not for the purpose of delay and raises a substantial question of law or fact likely to result in: (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a

reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." <u>See</u> 18 U.S.C. § 3143(b)(B).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's motion (#456) is **DENIED**. **IT IS FURTHER ORDERED** that Defendant self-surrender at the designated facility no later than 2:00 p.m. on June 23, 2023.

Dated this 22nd day of June 2023.

_____
Kent J. Dawson
United States District Judge

- 3 -